COURT OF APPEALS
DECISION
DATED AND FILED

February 13, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP2155-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF1101

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

ASHLEY J. TONEY,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dane County: JOSANN M. REYNOLDS, Judge. *Affirmed.*

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Ashley Toney appeals a judgment of conviction and an order denying his motion for postconviction relief. The issue is whether

the circuit court erred by denying Toney's requests to represent himself. We conclude that the court did not err and, therefore, we affirm.[1]

¶2 After a jury trial, Toney was convicted of two counts of second-degree sexual assault and one count of false imprisonment. On appeal, Toney argues that the circuit court erred by denying his requests to represent himself, but he does not clearly state when those requests were made. The State's brief identifies four such requests, and Toney's reply brief does not dispute that these are the requests at issue.

¶3 A defendant in a criminal case has a constitutional right to self-representation, but the circuit court may deny a request to exercise that right if it properly concludes that the defendant is not competent for self-representation. *State v. Klessig*, 211 Wis. 2d 194, 212, 564 N.W.2d 716 (1997). This test is "a higher standard" than the test for determining competency to proceed. *Id.* The court considers factors such as education, literacy, fluency in English, and physical or psychological disabilities that may significantly affect the ability to communicate a possible defense to a jury. *Id.* Whether the defendant was improperly denied the right to self-representation is a question of constitutional fact that we decide independently. *State v. Imani*, 2010 WI 66, ¶19, 326 Wis. 2d 179, 786 N.W.2d 40.

¶4 Toney's appellate arguments are not significantly developed. One of the arguments is that the circuit court did not offer him a test that would have

---

[1] The circuit court reviewed Toney's postconviction motion as one filed under WIS. STAT. § 974.06. However, this court later extended, retroactively and on its own motion, the time for Toney to file his postconviction motion by several weeks, which brought the appeal under WIS. STAT. RULE 809.30.

allowed him to show that he was competent to represent himself. However, Toney does not cite any law requiring that such a test be given before a court determines that a defendant is not competent to proceed by self-representation. Instead, the circuit court could properly rely on its own observations of Toney's conduct and abilities. *See Imani*, 326 Wis. 2d 179, ¶37.

¶5 Toney argues that he did not engage in any behavior that could be considered serious and obstructionist misconduct, which is a basis for denying such a request, as stated in *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). This argument fails because that type of misconduct is not the only basis to deny self-representation. As described above, there is also a requirement of competency for self-representation that a defendant must meet.

¶6 Finally, Toney notes that at sentencing the circuit court described him as "very intelligent." This statement does not undercut the circuit court's decisions as to self-representation, because lack of intelligence was not one of the bases for the court's denials.

¶7 The statement of issues in Toney's opening brief also identifies an issue related to an arrest warrant. However, the brief itself does not contain content making that argument, and we do not further discuss that issue here.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

3